JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UDR Marina Pointe LLC,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Andrea Montgomery, et al.,<br><br>DEFENDANT(S) | **CASE NUMBER**<br><br>2:25-cv-06260-CBM-JC<br><br>**ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it.  On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees.  This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

    ☒ The District Court lacks  ☐ subject matter jurisdiction ☒ removal jurisdiction.

    ☐ The action is frivolous or malicious.

    ☐ The action fails to state a claim upon which relief may be granted.

    ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

    If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☒ This case is REMANDED to state court as explained in the attached statement.

July 22, 2025
_____
Date

_____
United States District Judge

Plaintiff brought an action for unlawful detainer against Defendant in the Los Angeles County Superior Court, in Case No. 25SMUD00754.  (Dkt. No. 1 at 1, 4-5; Dkt. No. 6 at 3.)  Defendant subsequently filed a Notice of Removal to this Court and a request to proceed in forma pauperis.  (Dkt. Nos. 1-2.)  Plaintiff subsequently filed a Motion to Remand the case to state court.  (Dkt. No. 6.)

The removing defendant bears the burden of establishing federal jurisdiction.  Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006).  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and … the district court must remand if it lacks jurisdiction."  Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnotes omitted).

As an initial matter, Defendant did not attach a copy of the Complaint, as required by 28 U.S.C. § 1446.  However, because it is clear that Defendant is challenging an unlawful detainer action (Dkt No. 1 at 1), the Court is able to determine from the Notice of Removal and the state court summons whether jurisdiction exists.  See GGIF Glendale, LLC v. Green, 2023 WL 8809871, at *1 (C.D. Cal. Dec. 18, 2023) (determining jurisdiction to consider unlawful detainer claim despite the removing party's failure to attach the complaint); Bhalla v. Goodman, 2023 WL 7131828, at *1 n.1 (C.D. Cal. Oct. 30, 2023) (same); JP Morgan Chase Bank v. Nelson-Rogers, 2022 WL 2659095, at *2 (E.D. Cal. June 2, 2022) (same); Alvernaz Partners, LLC v. Pitts, 2020 WL 7390485, at *2 (E.D. Cal. Oct. 21, 2020) (same); Holm v. Evans, 2018 WL 2473015, at *1 n.1 (C.D. Cal. May 30, 2018); (same);  Sierra Pacific Properties, Inc. v. Evans, 2017 WL 6886096, at *2 (N.D. Cal. Dec. 20, 2017) (same); Custer v. Fernandez, 2013 WL 12121096, at *1 n.2 (E.D. Cal. Oct. 21, 2013) (same).  As stated below, jurisdiction is lacking.

In the Notice of Removal, Defendant alleges jurisdiction based on a federal question.  (Dkt. No. 1 at 1.)  However, an action for eviction does not raise a question "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Because landlord-tenant disputes are matters of state law, an action for eviction cannot be the basis for federal question jurisdiction."  Round Valley Indian Housing Authority v. Hunter, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995) (citing Powers v. United States Postal Service, 671 F.2d 1041, 1045 (7th Cir. 1982) ("[F]ederal common law of landlord and tenant does not exist.")); see also Morongo Band of Mission Indians v. California State Bd. of Equalization, 858 F.2d 1376, 1385-86 (9th Cir. 1988) ("Breach of lease is a cause of action under state, not federal, law.").

To the extent that Defendant alleges defenses based on federal law (Dkt. No. 1 at 1), "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."  ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

Moreover, to the extent that Defendant alleges that "civil rights removal" is proper under 28 U.S.C. § 1443 (Dkt. No. 1 at 1-2), she has not sufficiently alleged a basis for removal.  Defendant has not identified any "state statute or a constitutional provision that purports to command the state courts to ignore the federal rights" or pointed "to anything that suggests that the state court would not enforce [defendant's] civil rights in the state court proceedings."  Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006).

For these reasons, the request to proceed in forma pauperis is denied because this Court lacks removal jurisdiction, and the action is remanded to the state court.  Plaintiff's motion to remand (Dkt. No. 6) is denied as moot.

*(attach additional pages if necessary)*